IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY TAYLOR,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SUSAN HUBBARD, et al.,<br><br>　　　　Defendants.<br>_____/ | 1:10-cv-01198-SMS (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 3)<br><br>ORDER STRIKING UNSIGNED MOTION FOR PRELIMINARY INJUNCTIVE RELIEF<br><br>(Doc. 4) |

　　　　On July 2, 2010, Plaintiff filed a motion seeking the appointment of counsel and a motion seeking a preliminary injunction. Plaintiff's motion for preliminary injunctive relief was not signed and must be stricken from the record. All filings submitted to the Court must bear Plaintiff's signature. Fed. R. Civ. P. 11(a); Local Rule 131(a).

　　　　Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

///

1    Without a reasonable method of securing and compensating counsel, the Court will seek
2 volunteer counsel only in the most serious and exceptional cases.  In determining whether
3 "exceptional circumstances exist, the district court must evaluate both the likelihood of success
4 of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the
5 complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).
6    In the present case, the Court does not find the required exceptional circumstances.  Even
7 if it is assumed that Plaintiff is not well versed in the law and that he has made serious
8 allegations which, if proved, would entitle him to relief, his case is not exceptional.  The Court is
9 faced with similar cases almost daily.  Further, at this early stage in the proceedings, the Court
10 cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a
11 review of the record in this case, the Court does not find that Plaintiff cannot adequately
12 articulate his claims.  Id.
13    For the foregoing reasons, Plaintiff's motion for a preliminary injunction is STRICKEN
14 from the record for lack of signature, and Plaintiff's motion for the appointment of counsel is
15 DENIED, without prejudice.
16
17 IT IS SO ORDERED.
18 **Dated:     July 19, 2010**              /s/ Sandra M. Snyder
                                              UNITED STATES MAGISTRATE JUDGE